UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DALE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-03316-TWP-DML |
| | ) |
| CITY OF ELWOOD, INDIANA, | ) |
| MADISON COUNTY INDIANA, | ) |
| RICHARD STIRES of the Elwood Police | ) |
| Department, LUCAS TRAYLOR of the | ) |
| Elwood Police Department, NATHAN HIATT | ) |
| Madison County Sheriff Deputy, SCOTT | ) |
| MELLINGER Madison County Sheriff, and | ) |
| PHILLIP CALDWELL Police Chief, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTIONS FOR PARTIAL DISMISSAL**

This matter is before the Court on Motions for Partial Dismissal filed by Defendants Madison County, Indiana ("Madison County"), Nathan Hiatt ("Deputy Hiatt"), and Scott Mellinger ("Sheriff Mellinger") (collectively, "Madison County Defendants") (Filing No. 12), and Defendants City of Elwood, Indiana, Phillip Caldwell ("Chief Caldwell"), Richard Stires ("Officer Stires"), and Lucas Traylor ("Officer Traylor") (collectively, "Elwood Defendants") (Filing No. 15). Also before the Court is the Madison County Defendants' Motion to Join the Elwood Defendants' Reply to Plaintiff's Response. (Filing No. 52.) After being arrested and suffering taser wounds, Plaintiff Joseph Dale Lewis ("Mr. Lewis") filed a six count Complaint asserting cruel and unusual punishment, excessive force, and other claims. (Filing No. 1.) The Madison County Defendants and Elwood Defendants move to dismiss several counts of Mr. Lewis' Complaint for failure to state viable claims. For the following reasons, the Court **GRANTS** both of the Partial Motions to Dismiss as well as the Motion to Join.

# I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the Complaint, and draws all possible inferences in Mr. Lewis' favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

In July 2015, Mr. Lewis campaigned for mayor of the City of Elwood, Indiana, and as part of his campaign platform, he publically called for a stop to police corruption in the City of Elwood Police Department. Two months later, on September 12, 2015, several officers employed by the Elwood Police Department and Madison County Sheriff's Department responded to a reported residential entry at 403 South Main Street, Elwood, Indiana. It is unclear whether Mr. Lewis was the subject of the report, however, when the officers arrived at the scene Mr. Lewis informed them that he suffered from post-traumatic stress disorder due to his service in the United States Navy. The officers detained Mr. Lewis, suspecting he was "high on drugs," placed him in handcuffs and tackled him to the ground.

While fully restrained in handcuffs, some officers were on top of Mr. Lewis and officers repeatedly tased him. The officers then placed Mr. Lewis on a stretcher and restrained his legs and hands. While on the stretcher, the officers continued to tase him. Mr. Lewis was then transported to St. Vincent Mercy Hospital and while restrained in the hospital bed, he continued to be tased by officers, including Deputy Hiatt. Mr. Lewis sustained serious physical injuries and permanent disfigurement.

On December 8, 2016, Mr. Lewis filed a Complaint against Defendants, asserting:

> **Count One**-Officer Stires, Officer Traylor and Deputy Hiatt violated the Fourth and Eighth Amendments when using their electronic control weapons against Mr. Lewis;
>
> **Count Two**- the City of Elwood maintains a policy, custom, and practice of: using excessive force, failing to train officers in the proper use of electronic control weapons, and allowing unlawful searches and seizures;
>
> **Count Three**- Madison County, through the Madison County Sheriff's Department, maintains a policy custom and practice of: using excessive force, failing to train officers in the proper use of electronic control weapons, and allowing unlawful searches and seizures;
>
> **Count Four**- Chief Caldwell maintains a policy, custom, or practice of deliberate indifference towards police misconduct and negligently hired Officer Stires and Officer Traylor;
>
> **Count Five**- Sheriff Mellinger maintained a policy, custom, or practice of deliberate indifference towards police misconduct and was negligent in hiring Deputy Hiatt; and
>
> **Count Six**- Defendants' actions amount to intentional, willful, and wanton misconduct.

([Filing No. 1](#).) On January 30, 2017, the Madison County Defendants filed a Partial Motion to Dismiss, asserting Mr. Lewis failed to state a claim against Madison County, Deputy Hiatt, or Sheriff Mellinger. ([Filing No. 12](#).) The following day, January 31, 2017, the Elwood Defendants also filed a Partial Motion to Dismiss, arguing Mr. Lewis failed to state a claim against the City of Elwood, Chief Caldwell, Officer Stires, and Officer Traylor. ([Filing No. 15](#).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir.2008). However, courts "are

not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; see also *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir.2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

### III. <u>DISCUSSION</u>

As an initial matter, the Court notes that Mr. Lewis failed to timely respond to the Partial Motions to Dismiss. In their Reply, the Elwood Defendants ask the Court to strike Mr. Lewis' belated Response and argue that he has waived or otherwise conceded the arguments in

4

Defendants' brief. (Filing No. 50 at 1-2.)[1] If a plaintiff fails to respond to a motion to dismiss, the court may conclude that the plaintiff has waived his argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). While the Court concludes that Mr. Lewis may have waived any argument in opposition to the Partial Motions to Dismiss, deciding cases on their merits is favored. The merits of the Madison County Defendants' Motion and the Elwood Defendants' Motion support a grant of dismissal; accordingly, the Court will address each Defendants' motion on the merits.

### A.   Madison County Defendants' Motion to Dismiss (Filing No. 12)

The Madison County Defendants ask the Court to dismiss certain claims in Counts One, Three and Five of the Complaint because Deputy Hiatt did not violate the Eighth Amendment and Mr. Lewis failed to state a claim against Madison County or Sheriff Mellinger.

#### 1.   Count One

Count One alleges that Deputy Hiatt violated Mr. Lewis' Fourth and Eighth Amendment rights by using an electronic control weapon against him. The Madison County Defendants move to dismiss only the Eighth Amendment claim, arguing Deputy Hiatt did not violate the Eighth Amendment because Mr. Lewis was tased prior to any criminal conviction. *See Payne for Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998) (noting "a pretrial detainee…[is] [b]etween the status of free citizen and convicted prisoner" because he "has not been found guilty of a crime and therefore may not be 'punished' by the state" pursuant to the Eighth Amendment); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the Amendment and the decisions of this court construing the proscription against cruel and unusual punishment confirms…that it was designed to protect those convicted of crimes").

---

[1] The Madison County Defendants' Motion to Join the Elwood Defendants' Response (Filing No. 52) is **granted**, and the Court's ruling on this issue applies to all Defendants.

The Court finds, because Deputy Hiatt tased Mr. Lewis prior to any criminal conviction, Mr. Lewis' Eighth Amendment rights have not ripened. *See Payne*, 161 F.3d at 1040; *Ingraham*, 430 U.S. at 664. Accordingly, the Court **grants** the Madison County Defendants' request to dismiss Mr. Lewis' Eighth Amendment claim against Deputy Hiatt. Regarding Count One, Mr. Lewis maintains a viable claim against Deputy Hiatt under the Fourth Amendment.

### 2. **Count Three**

Count Three alleges that Madison County, through the Madison County Sheriff's Department, is liable under 42 U.S.C. § 1983 for maintaining a policy, custom, or practice of using excessive force, failing to train officers in the proper use of electronic control weapons, and allowing unlawful searches and seizures. The Madison County Defendants argue that Mr. Lewis' claim under Count Three is improper because Madison County and the Madison County Sheriff's Department are two separate entities. "[T]he Sheriff's Department [i]s a separate entity that [i]s responsible for the constitutional violations of its officers." *Reagins v. Dominguez*, No. 2:11-CV-205, 2014 WL 29090, at *3 (N.D. Ind. Jan. 2, 2014) ("Article 6, § 2 of the Indiana Constitution establishes that the County Commissioners do not control the actions of the sheriff. It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office"); *Markley v. Walters*, 790 F. Supp. 190, 191 (N.D. Ind. 1992) ("Pursuant to Indiana's Constitution, the Grant County Sheriff is an independently elected constitutional office…. Consequently, the Grant County Sheriff is answerable to the voting citizens of Grant County, not to the Grant County Council or its council members.").

The Court is persuaded. The actions of a Madison County sheriff cannot be attributed to Madison County on a *respondeat superior* theory. *See Markley*, 790 F. Supp. at 191-2 ("in Indiana, the actions of a county sheriff cannot be attributed to the county council on a *respondeat superior*

theory"). Accordingly, the motion to dismiss Count Three is **granted** and Defendant Madison County is **terminated** from this cause of action because Mr. Lewis asserts only that "Madison County, through the Madison County Sheriff's Department," violated his rights. *See Reagins*, 2014 WL 29090, at *3; *Markley*, 790 F. Supp. at 191.

### 3. Count Five

The Madison County Defendants move to dismiss certain claims in Count Five against Sheriff Mellinger. Mr. Lewis named Sheriff Mellinger in his individual capacity only; however, Mr. Lewis did not include any facts indicating Sheriff Mellinger had any personal involvement in his arrest. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("in order to recover damages against a state actor under § 1983, a plaintiff must show the actor was personally responsible for the constitutional deprivation"); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("a defendant must be personally responsible for the deprivation of a constitutional right" and a "defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent").

The Complaint fails to allege that Sheriff Mellinger had any personal involvement in Mr. Lewis' arrest. Mr. Lewis does not plead any facts to show that Sheriff Mellinger directed Deputy Hiatt to tase Lewis, or that Sheriff Mellinger knew or consented to Deputy Hiatt tasering Mr. Lewis. Accordingly, the Madison County Defendants' Motion **granted** regarding these claims. *See Sanville*, 266 F.3d at 740 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see") (citation omitted).

Count Five also alleges that Sheriff Mellinger maintained a policy, custom, or practice of deliberate indifference towards police misconduct and was negligent in hiring Deputy Hiatt. This allegation appears to be an "official capacity" claim. With respect to the "official capacity"

7

allegations, the Madison County Defendants argue that Mr. Lewis failed to plead any facts establishing he suffered constitutional violations due to an express policy, custom or widespread practice. The Seventh Circuit recognizes three ways a municipality's policy can violate an individual's civil rights:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority'.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (citation and quotation marks omitted). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient." *Id*. at 382–83.

The Court finds Mr. Lewis' allegation—"[Sheriff] Mellinger deprived Lewis of his rights…by maintaining a policy, custom, or practice of deliberate indifference towards police misconduct"— conclusory and devoid of any facts that an express policy or a widespread practice exists. *See id*.; ([Filing No. 1 at 16](#).) Mr. Lewis' factual allegations include only the suffering he endured at the hands of the officers, and his assertion that other officers from the Madison County Sherriff's Department and Elwood Police Department did not intervene. This is insufficient. When asserting a policy violates an individual's rights, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability." *Nevinger v. Town of Goodland, Ind.*, No. 4:11CV25, 2011 WL 2694662, at *2 (N.D. Ind. July 12, 2011). Accordingly, the Madison County Defendants' Motion is **granted**. Regarding Count Five, Mr. Lewis maintains a viable claim against Sheriff Mellinger for negligently hiring and carelessly retaining Deputy Hiatt as an employee.

### B. Elwood Defendants' Motion to Dismiss ([Filing No. 15](#))

The Elwood Defendants move the Court to dismiss certain allegations in Counts One, Two, Four, and Six of the Complaint, asserting Officers Stires and Traylor did not violate the Eighth Amendment and Mr. Lewis failed to state a claim against Chief Caldwell and the City of Elwood.

#### 1. Count One

In Count One of the Complaint, Mr. Lewis asserts that Officers Stires and Traylor violated his Fourth and Eighth Amendment rights by using their electronic control weapons against him. The Elwood Defendants, similar to the Madison County Defendants, ask the Court to dismiss Mr. Lewis' Eighth Amendment claim because Officers Stires and Traylor tased Mr. Lewis prior to any criminal conviction. *See Payne*, 161 F.3d at 1040; *Ingraham*, 430 U.S. at 664. The same analysis made with respect to Deputy Hiatt applies and the Court **grants** the Elwood Defendants' request to dismiss Mr. Lewis' Eighth Amendment claim against Officer Stires and Officer Traylor.

#### 2. Count Two

Count Two of the Complaint alleges that the City of Elwood maintains a policy, custom, or practice of: using excessive force, failing to train officers in the proper use of electronic control weapons, and allowing unlawful searches and seizures. The Elwood Defendants argue that Mr. Lewis has pled insufficient facts to support his claim that he suffered a constitutional deprivation due to an official policy or custom.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Similar to the analysis regarding Count Five of the Complaint, the Court finds the allegations in Count Four are conclusory and devoid of any facts that an express policy or a widespread practice exists. Mr. Lewis alleges only the one instance of abuse that he endured at the hands of the officers. As previously noted, a single allegation is not enough to assert a claim under § 1983 against a municipality. *See Nevinger*, 2011 WL 2694662, at *2 ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*"). Accordingly, the City of Elwood is **terminated** from this action and Elwood Defendants' Motion to Dismiss Count Two is **granted**.

### 3. Count Four

The Elwood Defendants move to dismiss certain claims in Count Four of the Complaint. Count Four alleges Chief Caldwell maintains a policy, custom, or practice of deliberate indifference towards police misconduct and he negligently hired Officer Stires and Officer Traylor. The Elwood Defendants persuasively argue that Mr. Lewis failed to provide facts in the Complaint that Chief Caldwell had any personal involvement in Mr. Lewis' arrest. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) ("§ 1983 does not allow actions against individuals merely for their supervisory role of others. An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation") (citation and quotation marks omitted).

Accordingly, the Court **grants** the Elwood Defendants' Motion to dismiss this claim. The Complaint does not allege Sheriff Mellinger (should this be Chief Caldwell??) was personally involved in Mr. Lewis' arrest. *See Sanville*, 266 F.3d at 740 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see) (citation omitted). Additionally, because the Court dismissed Mr. Lewis' "policy" claim against the City of Elwood, any similar allegation against Chief Caldwell in his official capacity

is also dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[o]fficial-capacity suits, in contrast [to personal-capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and quotation marks omitted).

With respect to Count Four, Mr. Lewis maintains a viable claim against Chief Caldwell for negligently hiring and carelessly retaining Officer Stires and Officer Traylor as an employee.

## IV. <u>CONCLUSION</u>

For the reasons stated, the Court **GRANTS** the Madison County Defendants' Motion for Partial Dismissal ([Filing No. 12](Filing No. 12)), and **GRANTS** the Elwood Defendants' Motion for Partial Dismissal ([Filing No. 15](Filing No. 15)). Specifically, Mr. Lewis' Eighth Amendment claims under Count One; the entirety of Counts Two and Three; as well as Mr. Lewis' claims against Chief Caldwell and Sheriff Mellinger for maintaining a policy, custom, or practice of deliberate indifference towards police misconduct under Counts Four and Five are **DISMISSED**. Count Six—Mr. Lewis' claims that Defendants' actions amount to intentional, willful, and wanton misconduct—is **DISMISSED** to the extent that Count Six regards the claims dismissed under Counts One through Five.

The City of Elwood, Indiana and Madison County Indiana are **TERMINATED** as defendant in this action and the following claims remain:

> **Count One**-Officer Stires, Officer Traylor and Deputy Hiatt violated the Fourth Amendment when using their electronic control weapons against Mr. Lewis;
>
> **Count Four**-Chief Caldwell negligently hired and carelessly retained Officer Stires and Officer Traylor; and
>
> **Count Five**-Sheriff Mellinger was negligent in hiring and careless in retaining Deputy Hiatt.

**SO ORDERED.**

Date: 8/17/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com